UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Biggie,<br><br>　　　Plaintiff,<br>vs.<br><br>Sedgwick Claims Management Services, Inc.,<br><br>　　　Defendant. | Case No. 21-CV-6488<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Sedgwick Claims Management Services, Inc. may be found in this district. In particular, Sedgwick Claims Management Services, Inc. is registered as a corporation with the State of New York, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

New York residents, employs New York residents, has extensive contacts within New York, and accordingly is found within New York.

3. On information and belief, Defendant Sedgwick Claims Management Services, Inc. insures employee benefit plan ("Plan") that Pepsico, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Sedgwick Claims Management Services, Inc. is a corporation organized and existing under the laws of the State of New York, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Pepsico, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative s.appeals of benefit denials. Plaintiff has been denied use of his appeal

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy which was issued by Sedgwick Claims Management Services, Inc. to Pepsico, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Sedgwick Claims Management Services, Inc. both funds the Plan and decides whether participants will receive benefits under

the Plan. Accordingly, Sedgwick Claims Management Services, Inc. has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Sedgwick Claims Management Services, Inc.'s interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about October 11, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff was denied his right to submit a timely claim to Sedgwick Claims Management Services, Inc. for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Sedgwick Claims Management Services, Inc. denied Plaintiff's claim for disability benefits without allowing him to submit evidence on April 9, 2020.

15. Sedgwick informed Plaintiff on July 8, 2020 that they would "allow him to bypass the Appeal process," as documented in their own internal notes, because they never received all of his long-term disability application materials.

16. Sedgwick then denied him of that right and issued a final denial in a letter dated October 21, 2020.

17. Plaintiff was denied the opportunity to provide Sedgwick Claims Management Services, Inc. with substantial medical evidence demonstrating he was eligible for disability benefits.

18. Sedgwick Claims Management Services, Inc.'s decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law.

19. The decision to deny benefits was wrong under the terms of the Plan.

20. The decision to deny benefits was not supported.

21. Sedgwick Claims Management Services, Inc.'s failure to provide benefits due under the Plan constitutes a breach of the Plan.

22. Sedgwick Claims Management Services, Inc.'s failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from December 2019 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

23. Sedgwick Claims Management Services, Inc.'s denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

24. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Sedgwick Claims Management Services, Inc. to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan and ERISA Law.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits,

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated:     07/30/2021                    RESPECTFULLY SUBMITTED,

By: */s/Gloria C. Lam*

Gloria C. Lam (NY Bar # 5598875)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-383-1110
Gloria@Fieldslaw.com

*Attorney for Plaintiff*

7